IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-02387-WYD-MEH

BERNARD GOINES,

      Plaintiff,

v.

R. WILEY (Warden);
LAWRENCE LEYBA;
MICHAEL K. NALLEY; and
UNITED STATES OF AMERICA,

      Defendants.

## RECOMMENDATION ON MOTION TO DISMISS

**Entered by Michael E. Hegarty, United States Magistrate Judge.**

      Before the Court is Defendant's Motion to Dismiss [Docket #24]. Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C. COLO. L.Civ.R 72.1.C, this matter has been referred to this Court for recommendation. For the reasons set forth below, the Court recommends that the District Court **grant** in part and **deny** in part Defendant's Motion.

**I.**    **Facts**

      Plaintiff Bernard Goines is incarcerated at ADX Florence, Colorado ("ADX"). Plaintiff filed a *pro se* petition for writ of mandamus pursuant to 28 U.S.C. § 1361, alleging that Defendants failed to perform a duty owed to Plaintiff, because they refused to place him in an environment conducive to his serious medical condition. Plaintiff alleges that he suffered a near fatal massive pulmonary embolism and that, as a result of the pulmonary embolism, he has developed a medical condition which causes shortness of breath, severe tachycardia, and cholinergic urticaria when he is subjected to heat or warm temperatures. Plaintiff asserts that his doctors have ordered him to be placed in a

climate-controlled cool room to alleviate his medical condition. Plaintiff contends that Defendants at ADX are aware of his condition and have tried to transfer him to a prison facility where the temperature of his cell can be kept between 60 and 65 degrees, but the transfer request has been denied by Defendant Regional Director Michael K. Nalley.

In their Motion to Dismiss, Defendants argue first that this Court has no jurisdiction over Defendant Nalley because he lacks the required contacts with the state of Colorado. Defendants further argue that Plaintiff was previously transferred to the medical facility in Springfield, Missouri, because the facility in Florence did not have climate-controlled cells. During his time in Missouri, Plaintiff received two behavior incident reports, and the Florence facility installed a climate-control system. Once the Bureau of Prisons determined that Plaintiff's medical condition did not require him to remain in the Missouri facility, he was sent back to Florence, where he is housed in a climate-controlled cell. Thus, Defendants argue that the Writ of Mandamus is now moot. Defendants further argue that any claims under the Federal Tort Claims Act were not properly exhausted and that the Defendants are immune from any allegedly potential constitutional violation.

In response, Plaintiff argues that the climate-controlled cells are ineffective because the air is shut off when the prison officials must deal with unruly inmates. During these incidents, Plaintiff alleges that he has suffered medical emergencies that required immediate medical attention. Plaintiff further contends that the prison officials at ADX support his transfer request for medical reasons.

**II.   Discussion**

   **A.   Legal Standards applicable to Plaintiff's claims**

      **1.   Motion to Dismiss under Rule 12(b)(1)**

As a court of limited jurisdiction, this Court may only exercise jurisdiction over non-resident

Defendant Nalley if (1) the long-arm statute of Colorado permits personal jurisdiction in this case; and (2) the exercise of personal jurisdiction over Nalley in Colorado comports with the Due Process Clause of the United States Constitution. *Benton v. Cameco Corp.*, 375 F.3d 1070, 1075 (10th Cir. 2004). The Supreme Court of Colorado interprets Colorado's long-arm statute "to confer the maximum jurisdiction permitted by the due process clauses of the United States and Colorado constitutions." *Archangel Diamond Corp. v. Lukoil*, 123 P.3d 1187 (Colo. 2005). Thus, a due process analysis of jurisdiction in this case will also satisfy Colorado's long-arm statute.

Due process first requires that the defendant have "minimum contacts" with the forum state. *International Shoe Co. v. Washington*, 326 U.S. 310 316 (1945). Such a requirement protects a defendant from "being subject to the binding judgment of a forum with which he has established no meaningful 'contacts, ties, or relations.'" *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985) (citation omitted). The defendant must have "fair warning that a particular activity may subject [him] to jurisdiction." *Id.* Minimum contacts may be established either generally or specifically:

> Depending on the level of contact, personal jurisdiction may be either specific, in which case personal jurisdiction is based on specific activities or contacts the defendant has with the forum state, or it may be general, in which case jurisdiction is based upon "continuous or systematic contacts" between the defendant and the forum state. Under either theory of jurisdiction, the defendant's contacts must be substantial enough so that exercising personal jurisdiction "does not offend traditional notions of fair play and substantial justice."

*United States v. Botefuhr*, 309 F.3d 1263, 1271-72 (10th Cir. 2002) (citations omitted).

### 2. Motion to Dismiss under Rule 12(b)(6)

A Motion to Dismiss brought under Fed. R. Civ. P. 12(b) should be granted only if Plaintiff can prove no set of facts in support of his claims that would entitle him to relief. *Sutton v. Utah State Sch. For Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999). All well-pleaded factual allegations

in the Complaint must be taken as true and viewed in the light most favorable to the non-moving party. *GFF Corp. v. Assoc. Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997). Although the Court construes a *pro se* plaintiff's pleadings liberally, Plaintiff still retains "the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). This burden remains because "a *pro se* plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Id.*

### B.   The Proper Defendants

Plaintiff seeks only injunctive relief (transfer to a prison in a cooler climate), and as such, can properly maintain this suit only against Defendants in their official capacities as representatives of the Bureau of Prisons. *See Goines v. Pugh*, 152 fed. Appx. 750, 752-53 (10th Cir. 2005) (finding official capacity suit to be proper but dismissing without prejudice due to improper forum).

Plaintiff has also filed suit against the United States directly. The United States of America is only a proper Defendant in matters in which it has waived immunity. *Department of the Army v. Blue Fox, Inc.*, 525 U.S. 255, 260 (1999). Because Plaintiff's action is not brought under the Federal Tort Claims Act, the United States should be **dismissed** as a named Defendant from this lawsuit. *Id.*

Plaintiff alleges that but for Defendant Nalley's rejection of his transfer to a medical facility, this lawsuit would be unnecessary. Defendant Nalley seeks dismissal of the claims against him because he argues that his contacts with the forum state, which only consists of reviewing and either approving or denying a transfer, are too random and attenuated to support jurisdiction. Case law supports Defendant's argument. *E.g.*, *Cuoco v. Hurley*, No. 98-2438, 2000 U.S. Dist. LEXIS 13970 (D. Colo. Sept. 22, 2000) (finding no personal jurisdiction over regional director who reviewed the

plaintiff's appeal). The Court, therefore, recommends that claims against Defendant Nalley both in his individual and official capacities be **dismissed** without prejudice.

Defendant Leyba argues that he does not have the authority to transfer Plaintiff and is therefore not a proper party to this action. Mot. to Dismiss, Exh. 1. Plaintiff contends that he does have authority to affect a transfer by recommending him for transfer. Although Defendant Leyba's authority is limited, his ability to recommend a transfer and a failure to do so can subject Leyba to suit. *Garrett v. Stratman*, 254 F.3d 946, 955 (10th Cir. 2001) (finding that a failure to recommend a transfer thereby contributing to an eleventh-month delay in treatment could support a claim for deliberate indifference). Thus, the Court recommends that Defendant Leyba remain as a Defendant in this lawsuit.

### C.     Writ of Mandamus under 28 U.S.C. § 1361

Defendants argue that Plaintiff's claim for injunctive relief is now moot because they have placed Plaintiff in a climate-controlled unit in Florence, and Plaintiff has not sought medical attention for his condition since being placed in this housing. Defendants further assert that any further review of their decision regarding Plaintiff's housing is inappropriate because it is within their discretion to determine where to house Plaintiff. Plaintiff argues in response that the climate-control does not adequately address his medical needs because the temperature consistently remains higher than the necessary level, and the air is shut off during inmate disturbances.

A writ of mandamus is only proper if (1) Plaintiff has exhausted all other avenues of relief; and (2) Defendants owe Plaintiff a clear nondiscretionary duty. *Heckler v. Ringer*, 466 U.S. 602, 617 (1984). The Supreme Court has explained:

Mandamus issues to compel an officer to perform a purely ministerial duty. It cannot

>be used to compel or control a duty in the discharge of which by law he is given discretion. The duty may be discretionary within limits. He can not transgress those limits, and if he does so, he may be controlled by injunction or mandamus to keep within them. The power of the court to intervene, if at all, thus depends upon what statutory discretion he has.

*Work v. United States ex rel. Rives*, 267 U.S. 175, 177 (1925). Thus, the Court must determine whether Defendants' decision to deny Plaintiff's transfer request is properly within their discretion, given Plaintiff's medical needs.

Regarding Plaintiff's confinement in ADX, it is clearly within the discretion of the prison officials to determine where Plaintiff will be confined. 18 U.S.C. § 3621(b); *Meachum v. Fano*, 427 U.S. 215 (1976). This Court can only require that Defendants perform a purely ministerial duty. The location of Plaintiff's confinement is not a ministerial duty subject to such action. In this case, Defendant Nalley has exercised his discretion to determine that Plaintiff's former incident reports and assaulting a correctional officer weigh against a transfer. Because the decision regarding Plaintiff's housing is properly within the discretion of prison officials, this Court has no jurisdiction to review that decision under the Mandamus Act. The Court, therefore, recommends that Plaintiff's claim for a write of mandamus be **dismissed**.

    **D.**    **Eighth Amendment Claims**

        **1.**    **Official capacity**

Plaintiff alleges that Defendant's decision to house him in ADX violates his Eighth Amendment rights. Construing Plaintiff's Complaint liberally, as required for *pro se* plaintiffs, Plaintiff claims that Defendants in their official capacities violated his Eighth Amendment rights and seeks injunctive relief, in the form of a transfer, for this violation. Plaintiff can pursue these claims against Defendant Wiley in his official capacity, because an official capacity suit is in reality a suit

against the agency or the United States. *Farmer v. Perrill*, 275 F.3d 958, 963 (10th Cir. 2001); *Baker v. Simmons*, 65 Fed. Appx. 231, 233 n.5 (10th Cir. 2003) ("Defendants named in their official capacities are not immune from suit for injunctive relief under 42 U.S.C. § 1983."). *See also Goines v. Pugh*, 152 Fed. Appx. 750, 752-53 (10th Cir. 2005); *Simmat v. United States Bureau of Prisons*, 413 F.3d 1225, 1234 (10th Cir. 2005).

To set forth an Eighth Amendment claim upon which relief can be granted, Plaintiff must establish that "his alleged medical need . . . was sufficiently serious to meet the objective element of the deliberate indifference test, and that Defendants' [inadequate care or] delay in meeting that need caused him substantial harm[.] Finally, to meet the subjective element of the deliberate indifference test, he must allege facts supporting an inference that Defendants knew about and disregarded a substantial risk of harm to his health and safety." *Erickson v. Pardus*, No. 06-1114, 2006 U.S. App. LEXIS 23658 (10th Cir. Sept. 14, 2006).

Here, the Court must first determine whether Defendants' refusal to transfer Plaintiff resulted in "substantial harm," as Plaintiff claims. Plaintiff alleges that his medical condition requires placement in a climate-controlled housing unit, which Defendants allege that they provide. Plaintiff argues that Defendants' housing is inadequate because, on occasion, the climate-control is shut off so that prison officials can handle situations caused by other inmates. During these incidents, Plaintiff alleges that the housing unit does not remain cooled, and he suffers from shortness of breath, severe tachycardia (an abnormally rapid heart rate), and cholinergic urticaria (an allergic reaction to sweat). Complaint at 4(b).

Although this condition appears to be severe, the Court must consider the frequency and duration of these reactions to determine whether these incidents constitute substantial harm. *Smith*

*v. Carpenter*, 316 F.3d 178, 185 (2d Cir. 2003) ("When the basis for a prisoner's Eight Amendment claim is a temporary delay or interruption in the provision of otherwise adequate medical treatment, it is appropriate to focus on the challenged delay or interruption in treatment rather than the prisoner's underlying medical condition alone in analyzing whether the alleged deprivation is, in 'objective terms, sufficiently serious.'"). Thus, it is the risk of harm Plaintiff faces during these temporary interruptions in Plaintiff's otherwise adequate medical treatment that determines whether an Eighth Amendment violation has occurred. *Id.* at 186.

In the present case, Plaintiff alleges that he continues to face substantial harm each time that the climate-control system is turned off for prison officials to handle incidents caused by other inmates. Because this happens regularly, Plaintiff alleges that he continues to face substantial harm while he is housed at ADX. Under these circumstances, the Court cannot find that Plaintiff can produce no set of facts that would entitle him to relief. *E.g.*, *Farmer v. Brennan*, 511 U.S. 825, 845 (1994). Accordingly, Plaintiff has alleged sufficient facts to survive a Motion to Dismiss, and Plaintiff should be allowed to present evidence to establish whether the reaction suffered and the frequency of the reaction constitutes substantial harm.

While Plaintiff has stated a claim for substantial harm under the Eighth Amendment, he must also allege that Defendants knew of the harm caused to Plaintiff and disregarded this harm. *Mitchell v. Maynard*, 80 F.3d 1433, 1442 (10th Cir. 1996). The record is clear that Defendants are aware of Plaintiff's medical condition, and Plaintiff alleges that officials at ADX have requested a transfer. The record also establishes, and Plaintiff admits, that every time he has suffered a medical reaction, Defendants have provided him with medical attention. Thus, Plaintiff's only allegation is that Defendants are aware that he may suffer a reaction when the climate-control system is turned off, but

Defendants allow him to remain in that environment. This could state a claim for deliberate indifference if Plaintiff can establish that the harm suffered during these incidents is substantial. *See Sealock v. Colorado*, 218 F.3d 1205, 1211 (10th Cir. 2000) (recognizing claim for deliberate indifference based on delay in providing or refusal to allow access to adequate medical care). Accordingly, the Court recommends that Plaintiff be allowed to assert an Eighth Amendment claim for injunctive relief against Defendants Wiley and Leyba in their official capacities, and, to this extent, recommends that Defendants' Motion to Dismiss be **denied**.

### 2. Individual Capacity

Construing Plaintiff's Complaint liberally, the Court must also determine whether Plaintiff has set forth claims against Defendants in their individual capacities. Because Plaintiff seeks only injunctive relief in the form of a transfer, he seeks relief which Defendants are unable to provide in their individual capacities. *Eagle Thunder v. Gunja*, No. 03-1575, 2005 U.S. Dist. LEXIS 37799 (D. Colo. Aug. 11, 2005) (finding that claims of injunctive relief when "no named defendant could provide any such relief in their individual capacity" are properly construed as official capacity claims). Thus, the Court recommends that Defendants' Motion to Dismiss Defendants Wiley and Leyba in their individual capacities be **granted**.

### III. Conclusion

For the reasons stated above, the Court RECOMMENDS that Defendants' Motion to Dismiss [Filed May 4, 2006; Docket #24] be **granted** in part and **denied** in part. Specifically it is RECOMMENDED: (1) that Plaintiff's claim under the Mandamus Act be **dismissed**; (2) that the United States of America be **dismissed** as a named Defendant; (3) that Defendant Nalley be **dismissed** both in his individual and official capacities; and (4) that Defendants Leyba and Wiley be

**dismissed** in their individual capacities. It is further RECOMMENDED that the only claims to remain in this lawsuit are Plaintiff's Eighth Amendment claims for injunctive relief against Defendants Leyba and Wiley in their official capacities. Under Fed. R. Civ. P 72, the parties shall have ten (10) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.[1]

Dated at Denver, Colorado this 25th day of October, 2006.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge

---

[1] The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive, or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a *de novo* determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within ten (10) days after being served with a copy of this Recommendation may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).